```
                               UNITED STATES DISTRICT COURT
                               SOUTHERN DISTRICT OF FLORIDA

                               CASE NO. 16-20034-Civ-GAYLES
                               MAGISTRATE JUDGE P.A. WHITE
```

CURTISS L. JEMISON,

    Plaintiff,

v.                                             REPORT RE TRANSFER
                                                TO CORRECT VENUE
FLORIDA STATE PRISON, et al.,

    Defendants.
_____/

    The *pro se* Plaintiff, Curtiss L. Jemison, has filed a *pro se* civil rights complaint, pursuant to 42 U.S.C. §1983, in which he seeks nominal, compensatory, and punitive damages. He also seeks declaratory and injunctive relief. Plaintiff's alleged damages arise from allegations against the named defendants regarding deliberate indifference to his medical needs along with a claim of discrimination due to his disability.

    The case has been referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive motions. See 28 U.S.C. §636(b)(1)(B), (C); Fed.R.Civ.P. 72(b), S.D.Fla. Local Rule 1(f) governing Magistrate Judges, and S.D. Fla. Admin. Order 2003-19.

    In his complaint, the plaintiff sues the Florida State Prison, the Florida Department of Corrections, and Dr. Vivas. (DE#1). He maintains that upon being transferred to the Florida State Prison, a facility located in the Middle District of Florida, Dr. Vivas denied him adequate medical care. Careful review of the complaint reveals that he is complaining of events which have occurred in the Middle District of Florida. The plaintiff and all of the Defendants are located within the jurisdiction of the United States District

Court for the Middle District of Florida.

It is well settled that a civil action filed by an inmate under authority of 42 U.S.C. §1983 "may be brought ... in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred ... or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. §1391(b). The law further provides that "[f]or the convenience of parties and witnesses, [and] in the interest of justice, a district court may transfer any civil action to any other district ... where it might have been brought." See 28 U.S.C. §1404(a).

To transfer an action under §1404(a) the following criteria must be met: (1) the action could have been brought in the transferee district court; (2) a transfer serves the interest of justice; and (3) a transfer is in the convenience of the witnesses and parties. See Robinson v. Giarmarco & Bill, P.C., 74 F.3d 253, 260 (11th Cir. 1996). The court's consideration of the §1404(a) factors may include such criteria as the plaintiff's initial choice of forum, the convenience of the parties, the convenience of the witnesses, the relative ease of access to sources of proof, the location of relevant documents, the availability of compulsory process for witnesses, the financial ability to bear the cost of the change, and trial efficiency. See Tampa Bay Storm, Inc. v. Arena Football League, Inc., 932 F.Supp. 281, 282 (M.D.Fla. 1996). Federal courts ordinarily accord deference to a plaintiff's choice of forum.

The decision to transfer an action pursuant to §1404(a) is

left to the "sound discretion of the district court." Roofing & Sheeting Metal Serv. v. La Quinta Motor Inns, 689 F.2d 982, 985 (11th Cir. 1982); see also Brown v. Connecticut Gen. Life Ins. Co., 934 F.2d 1193, 1197 (11th Cir. 1991). Such transfers may be made *sua sponte* by the district court. Mills v. Beech Aircraft Corp., 886 F.2d 758, 761 (5th Cir. 1989); Robinson v. Madison, 752 F.Supp. 842, 846 (N.D.Ill. 1990) ("A court's authority to transfer cases under §1404(a) does not depend upon the motion, stipulation or consent of the parties to the litigation."); Empire Gas Corp. v. True Value Gas of Florida, Inc., 702 F.Supp. 783, 784 (W.D.Mo. 1989).

As noted above, it is clear from plaintiff's recitation of the facts that the actions challenged in the instant proceeding and about which he has personal knowledge occurred in the Middle District of Florida. Moreover, the named defendants reside in the Middle District of Florida. Thus, the majority of material witnesses and evidence associated with his claims relevant to plaintiff's allegations are located in the Middle District of Florida. It is, therefore, clear from the face of the complaint that the proper venue for this cause of action is the United States District Court for the Middle District of Florida. See Stateline Power Corp. v. Kremer, 404 F.Supp.2d 1373 (S.D. Fla. Dec. 9, 2005); Robinson v. Giarmarco & Bill, P.C., 74 F.3d 253, 260 (11th Cir. 1996).

In light of the foregoing, the court concludes that in the interest of justice and for the convenience of the parties and witnesses, this case should be transferred to the United States District Court for the Middle District of Florida for review and

determination, pursuant to 28 U.S.C. §1404.

Plaintiff has also filed a legally sufficient motion to proceed *in forma pauperis* with supporting inmate account statement. The Undersigned, however, makes no determination with respect to such a request at this time as the assessment and collection of any filing fee should be undertaken by the United States District Court for the Northern District of Florida.

For the foregoing reasons, the Undersigned recommends that the case be transferred to the United States District Court for the Middle District of Florida.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar plaintiff from a *de novo* determination by the district judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district judge except upon grounds of plain error or manifest injustice. See 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790,794 (1989); LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988); RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

Signed this 8th day of January, 2016.

UNITED STATES MAGISTRATE JUDGE

cc: Curtiss L. Jemison
P03564
Suwannee Correctional Institution
5964 US Highway 90
Live Oak, FL 32060

4